BELSOME, J.,
concurs with reasons.
| iWhile we must recognize and follow the mandates of Batson and its progeny, this writer finds the trend of catchphrases and code words with respect to juror challenges troubling. In a vacuum, the race-neutral explanations posed by the State in the instant case appear genuine. Considering the totality of the facts and circumstances, however, the sincerity of the State’s challenges is arguably questionable.
Notably, a recent law review article observed that while “demeanor-based challenges enjoy exceptional deference on appellate review, [ ] perhaps the inference of discrimination from pretext should outweigh demeanor-based deference.” Jury Selection—Batson Challenges, 122 Harv. L.Rev. 346, 351 (2008). The article submits that rather than providing clarity in the Batson jurisprudence, the Court’s holding in Snyder v. Louisiana, — U.S. -, 128 S.Ct. 1203, 170 L.Ed.2d 175 (2008), will simply encourage trial judges “who wish to insure against reversal [to] state for the record when they are persuaded by a juror’s demeanor,” because if the trial judge in Snyder had done so, “the [U.S. Supreme] Court could not have presumed that he impermissibly relied on the prosecutor’s pretextual explanation.” Id. at 354. Accordingly, the article maintains, the Snyder Court effectively circumvented more complex issues, such as “the appropriate way to balance a pretextual against a demeanor-based one, the broader problem of mixed and unconscious motivations, and the utility of peremptory strikes in general.” Id. at 350. ¡justification
*13 By not clearly addressing such complex issues, the Court likewise omits a discussion of the possibility of an attorney’s unconscious bias, although the article notes that such bias might prove impracticable to identify or remedy. Id. at 352. The Court’s failure to recognize the prospect that jurors of different races might arrive at different conclusions actually protects a juror’s equal protection interest in the equal participation in the administration of law. Id. The article observes that the failure to acknowledge an attorney’s unconscious bias, however, “serves no similar constitutional interest.” Id.
Courts must not become complacent in reflexively accepting the rehearsed Batson language offered as justification for exercising peremptory challenges. Because the challenges raised by the State in this particular case did not rise to the level of specifically evidencing purposeful racial discrimination pursuant to the guidelines articulated in Batson and subsequent jurisprudence, I respectfully concur.